In the Matter of the Estate of EDWARD A. REED, Deceased.

No. 1585.   (79 Pac. 1049.)

**Appeal: Findings: Review: Necessity of Evidence in Record.**
The findings of the lower court in the matter of allowances to an administrator, and offsets in his favor against the estate, cannot be reviewed on appeal from an order approving the administrator's final account, where the record does not contain any of the evidence pertaining to the matters in dispute.

(Decided March 10, 1905.)

Appeal from the Second District Court, Weber County. —*Hon. H. H. Rolapp,* Judge.

From an order approving and allowing the report and final account of G. H. Burgitt, deceased, late administrator of said estate, Millie G. Reed, administratrix appealed.

AFFIRMED.

*Messrs. Heywood & McCormick* for appellant.

*Messrs. Henderson & Macmillan* for respondents.

If this court should say that the abstract was sufficient to conform to the rules of this court, then we would ask the court to affirm the judgment of the lower court, for the reason that the errors relied upon by the appellant are not saved by a sufficient or any "bill of exceptions." If the court will turn to page 16 of the so-called "abstract," it will find a piece of paper entitled "bill of exceptions," and it affirmatively appears

from this "bill of exceptions" that it does not contain all the evidence or the substance of all the evidence introduced at the trial of this action, or the substance of all the evidence upon which errors are predicated. This court has time and time again decided "Where a 'bill of exceptions' does not purport to contain the substance of all evidence produced at the trial, it will be presumed on appeal that there was sufficient proof to support findings and decision." Fields v. Mining Co., 25 Utah 76; Mining Co. v. Gibson, 21 Utah 68; Culmer v. Cane, 22 Utah 216; Snyder v. Emerson, 19 Utah 319; Warner v. Association, 8 Utah 431.

STRAUP, J.—In August, 1894, one G. H. Burgitt was appointed administrator of the estate of Edward A. Reed, deceased. In July, 1900, Burgitt died, without making any report or account of his doings as administrator; and thereafter Millie G. Reed, one of the appellants, was appointed administratrix of said estate, and R. T. Hume, one of the respondents, was appointed administrator of the estate of said Burgitt. On petition by said Millie G. Reed, a citation was issued, requiring the said Hume and the bondsmen of said Burgitt to report and show the receipts and disbursements of the said Burgitt during the time he was such administrator. Such a report and a final account were made, to which said Millie G. Reed took exceptions, and traversed the material facts relating to the disbursements. At the hearing thereof, both parties were represented by counsel, evidence was introduced, and at the conclusion the court made findings and an order approving and allowing the report and final account, as made and reported. Therefrom said petitioner appeals, attacking the findings; claiming that the allowances made by the court for administrator's and attorney's fees, and the amount of money Burgitt paid his attorneys for services in several litigations wherein the said Reed estate was a party, were unreasonable, and claiming the court erred in off-setting against moneys coming into his hands a

personal claim of said Burgitt against said estate theretofore allowed and approved by the court. We are wholly unable to review any of these matters, for the record before us does not contain any of the evidence pertaining thereto. In such case it will be presumed the findings are in accordance with and supported by the evidence.

The order of the lower court approving the said final account is affirmed.

BARTCH, C. J., and McCARTY, J., concur.